# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1816

_____

| | | |
|---|---|---|
| Butler Manufacturing Company, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| Connecticut General Life Insurance | * | |
| Company, | * | |
| | * | |
| Plaintiff, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Blue Cross Blue Shield of Texas, a | * | [UNPUBLISHED] |
| Division of Health Care Service Corp., | * | |
| | * | |
| Defendant - Appellee, | * | |
| | * | |
| Gerber Life Insurance Company, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: December 14, 2007
Filed: July 3, 2008

_____

Before BYE, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Butler Manufacturing Company appeals the district court's[1] grant of summary judgment in favor of Blue Cross Blue Shield of Texas. We affirm.

Michael Richardson and Julie Ann Richardson were divorced in 1993. Michael was employed by Butler Manufacturing Company and participated in its self-funded healthcare plan, and Julie was employed by R & R Marine Fabrication and Drydock and participated in its healthcare plan. This action arises out of a dispute over which of the two healthcare plans is responsible for medical expenses incurred on behalf of the Richardsons' minor son, Kyle, prior to his death in 2003.

We review a grant of summary judgment de novo, applying the same standard as the district court. Jaurequi v. Carter Mfg. Co., Inc., 173 F.3d 1076, 1085 (8th Cir. 1999). Summary judgment is proper if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When ruling on a summary judgment motion, a court must view the evidence "in the light most favorable to the nonmoving party." Dush v. Appleton Elec. Co., 124 F.3d 957, 962-63 (8th Cir. 1997). However, a "nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997).

The district court concluded the healthcare plan of the custodial parent had primary responsibility for payment of healthcare related costs. The court further concluded the parties' divorce decree designated Michael as Kyle's custodial parent. Therefore, Butler's healthcare plan bore financial responsibility for Kyle's medical expenses. We agree. Because an extended discussion would add nothing to the well-reasoned order of the district court, we affirm under 8th Cir. R. 47B.

_____

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.